UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KENNETH H. LABORDE AND<br>CORINNE W. LABORDE | CIVIL ACTION |
| | NO. 06-7700 |
| VERSUS | |
| STATE FARM FIRE AND CASUALTY COMPANY | SECTION "N" (1) |

## **ORDER AND REASONS**

Before the Court is the Motion to Remand filed herein by plaintiffs Kenneth H. Laborde and Corinne W. Laborde (hereafter "the Labordes"). State Farm Fire and Casualty Company (hereafter "State Farm"), which removed this matter from First Parish Court for the Parish of Jefferson, State of Louisiana, opposes the motion. For the reasons that follow, the Labordes' Motion to Remand is **GRANTED**.

The Labordes filed suit in First Parish Court for the Parish of Jefferson, a court of limited jurisdiction, for the sum of $9,500.00, which they claim represents the cost of gutting certain residential property located at 135 Mulberry Drive in Metairie, Louisiana. The Labordes claim that the gutting of the property would have been unnecessary had State Farm acted reasonably in

1

communicating with them, which allegedly dilatory cooperation resulted in the ultimate demolition of the already-gutted structure as a matter of necessity.  In other words, the Labordes claim that they would not have incurred the cost of gutting the property had State Farm fulfilled its obligation to work with them in handling their claim, which resulted in the necessary demolition of the property. Plaintiffs' claim in First Parish Court clearly and unequivocally states that it is directed towards State Farm; and also indicates that the full amount ($250,000.00) of insurance coverage payment undisputedly would be made to them under their flood policy.

As grounds for removal and federal court jurisdiction, State Farm claims that National Flood Insurance Program ("NFIP") related lawsuits are, pursuant to 42 U.S.C. § 4072, under the exclusive jurisdiction of this Court.  State Farm overlooks the fact that the Labordes do not seek any sums under the terms of the NFIP-related policy, and expressly state that such sum *has been paid* under this policy.  Thus, the claim against State Farm is not one for insurance proceeds pursuant to the terms of the insurance contracts cited in the petition.  Rather, the Labordes claim damages for breach of contract and/or tort for State Farm's response in handling their claim, which damages are sought directly from State Farm, and not under the terms of the NFIP-related policy itself.  Accordingly, the Court finds that, even if it agreed with State Farm with regard to the original exclusive jurisdiction over this matter pursuant to 42 U.S.C. § 4072, this case simply does not involve such a claim.

State Farm also argues that this Court has jurisdiction pursuant to 28 U.S.C. § 3771.  For the same reasons set forth previously, this Court does not agree that any federal question is presented

upon which jurisdiction can be maintained.  The petition itself, as well as the affidavit of Kenneth H. Laborde provided in support of the Motion to Remand, make clear that no recovery of further federal benefits is sought in this litigation.

For these reasons, the Court finds that it does not have jurisdiction over this matter, and remands it to First Parish Court for the Parish of Jefferson, State of Louisiana, for further proceedings.[1]

New Orleans, Louisiana, this __9th__ day of December, 2006.

_____
**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT COURT**

---

[1] Plaintiffs do not request attorneys fees or costs in connection with the removal and remand of this matter, and thus none are awarded.

3